Berry *v.* Hamby.

---

JAMES BERRY, appellant *v.* WILLIAM HAMBY, appellee.

*Appeal from Alexander.*

A County Treasurer has no authority whatever to take a note payable to himself
    as Treasurer; nor has he any authority to assign or transfer such a note.
A suit cannot be maintained in the name of a County Treasurer. *Sed quere.*
*Quere,* Whether an action in the name of the county, can be maintained upon a
    note payable to the County Treasurer.

THIS was an action instituted by the appellee against the appel-
lant, in the Alexander Circuit Court, upon the following note:

"$100.

One day after date, I promise to the Treasurer of Alexan-
der county, for the use and benefit of the county, one hundred
dollars for value received. As witness my hand and seal. Unity,
June 24th, 1837.          JAMES BERRY. [L. S.]"

On which is the following assignment:

"For value rec'd. I hereby assign the within note to William
Hamby. Jan. 26th, 1838.          THOMAS HOWARD,
                              Treasurer of A. C."

DAVID J. BAKER, for the appellant.

L. DAVIS and F. FORMAN, for the appellee.

SMITH, Justice, delivered the opinion of the Court :

This was an action by *petition and summons,* on a promissory note payable to the "Treasurer of Alexander county," for one hundred dollars, and assigned by the Treasurer to the plaintiff in this action.

The petition avers that at the time of the making of the note, and at the assignment, the assignor was the Treasurer of the county. The defendant craved oyer of the note and the assignment, and demurred. The Circuit Court overruled the demurrer, and gave judgment for the amount of the note.

This decision is alleged for error, and the points are now made, that the note is a void and inoperative instrument, the Treasurer of Alexander county not being a person capable in law of contracting, and having no authority to assign the note. We have no doubt on both the points made. The Treasurer of the county had no authority whatever to take a note payable to himself as Treasurer. His duties are prescribed in the revenue law creating the office; and no power is given him in the act, to take notes or securities in his official character from any person; nor is he created an artificial person in law, capable of suing as Treasurer; consequently no suit could be maintained in the name of the Treasurer. As the Treasurer could not take the note, the assignment was equally nugatory. He could not confer on the assignee a right which he did not possess himself; nor could he, by the assignment in the name of Thomas Howard, Treasurer of Alexander county, vest an interest in the plaintiff, to enable him to maintain an action in his own name on the note. Whether an action in the name of the county, could be sustained for money had and received, or money loaned and advanced, is not now before us for adjudication.

Judgment reversed with costs.

*Judgment reversed.*